**Carmen LIPPA, Plaintiff,**

v.

**GENERAL MOTORS CORP. et al., Defendants.**

**No. 89–CV–1200T.**

United States District Court, W.D. New York.

Aug. 12, 1992.

See also 760 F.Supp. 1062.

Emmelyn Logan–Baldwin, Rochester, N.Y., for plaintiff.

Paul J. Yesawich, III, Harris, Beach & Wilcox, Rochester, N.Y., for defendants.

---

## DECISION and ORDER

TELESCA, Chief Judge.

### INTRODUCTION

Plaintiff commenced this action pursuant to 29 U.S.C. Sections 206(d), 215, and 216, and 42 U.S.C. Section 2000(e) *et seq.* Her complaint alleges that the defendant practiced willful discrimination on the basis of sex and marital status by questioning her about her sexual orientation, by promoting a white male ahead of her despite her seniority, by paying her less than her male peers and by using an unfair and discriminatory employee rating system. She further alleges that the defendant discriminated against her in retaliation for her complaints of employment discrimination. In short, plaintiff alleges that she, and others similarly situated, were denied equal employment opportunities as a consequence of defendant's unlawful conduct.

Now before this Court is plaintiff's motion to amend her complaint to request a jury trial and other relief pursuant to the Civil Rights Act of 1991 (the "Act" or "CRA"). For the reasons discussed below, the Court concludes that the CRA applies only to cases commenced after its enactment. Accordingly, plaintiff's motion to amend her complaint is denied.

### DISCUSSION

Plaintiff seeks to amend her complaint to avail herself of certain provisions in the CRA, Pub.Law No. 102–166, 105 Stat. 1071 (1991). The Act, effective November 21, 1991, "expand[s] the scope of civil rights statutes in order to provide adequate protections to victims of discrimination." Pub.L. No. 102–166, § 3. Plaintiff, who commenced this action in September, 1989, specifically seeks to avail herself of § 102 of the Act, which allows victims of unlawful discrimination to recover compensatory and punitive damages, and further allows either party to request a jury trial when such damages are sought.

The issue raised is whether the Act's damage and jury trial provisions should be applied retroactively, that is, to cases which were pending when the Act became effec- tive on November 21, 1991. Plaintiff asserts that the Act applies retroactively, while defendants oppose the instant motion and argue in favor of prospective application.

The district courts which have addressed this question have reached inconsistent results. *See, e.g., Mojica v. Gannett Co., Inc.,* 779 F.Supp. 94 (N.D.Ill.1991) (finding the Act retroactive); *Tyree v. Riley,* 783 F.Supp. 877 (D.N.J.1992) (applying the Act prospectively); *Smith v. Petra Cablevision Corp.,* 793 F.Supp. 417 (E.D.N.Y.1992) (applying the Act prospectively). While the Second Circuit has not yet decided this issue, the circuits which have addressed the question have unanimously determined that the Act should operate prospectively. *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.1992); *Mozee v. American Commercial Marine Service Company,* 963 F.2d 929 (7th Cir.1992); *Fray v. Omaha World Herald Company,* 960 F.2d 1370 (8th Cir.1992).

■ To determine how a statute should be applied, a court must first consider the language and legislative history of the statute as an indication of Congressional intent. "When congressional intent is clear as to the issue of prospective versus retroactive application, then this intent controls." *Mozee v. American Commercial Marine Service Company,* 963 F.2d at 932, *citing Kaiser Aluminum and Chemical Corporation v. Bonjorno,* 494 U.S. 827, 838, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). However, as the Seventh Circuit found when it undertook such an analysis of the Act, "whether Congress intended prospective or retroactive application of [the Act] cannot be deciphered from either the language of the statute or from the legislative history." *Mozee,* 963 F.2d at 932. In a thorough review of the Act's legislative history, the court in *Smith v. Petra Cablevision Corp.* noted that many courts reviewing the statute and legislative history have been unable to glean clear congressional intent. 793 F.Supp. at 422. I have similarly been unable to discern from the statute and legislative history whether the Act should be applied retroac-

tively. Accordingly, without a clear indication of congressional intent on the issue of prospective versus retroactive application, this Court must look to "judicially derived rules of construction in order to resolve this ambiguity." *Mozee,* 963 F.2d at 934.

Supreme Court precedent addressing the general issue of the retroactivity of legislation is somewhat divided. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), establishes a presumption of retroactivity absent either clear congressional intent to the contrary or the occurrence of manifest injustice. *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the more recent case, establishes a prospective presumption which is only defeated by evidence of a clear congressional intent that the legislation operate retroactively.

The Supreme Court recognized that the two cases exist in "apparent tension." *Kaiser Aluminum,* 494 U.S. at 837, 110 S.Ct. at 1577. Presented in *Kaiser Aluminum* with an opportunity to resolve the conflict, the Court declined to settle the issue, finding clear congressional intent that the statute at issue in that case was not meant to be applied retroactively.

Justice Scalia, in his concurring opinion in *Kaiser Aluminum,* expressed regret with the Court's decision to leave unresolved the conflict between *Bradley* and *Bowen.* In a thoughtful and comprehensive analysis of this issue, Justice Scalia concluded that the confusion which currently exists began with the Court's decision in *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), which held that a regulation of the Department of Housing and Urban Development had to be applied retroactively, thus invalidating an eviction order issued some 18 months before the regulation had been adopted. Justice Scalia makes a compelling argument that, prior to *Thorpe,* there existed an unbroken line of precedent applying a presumption that statutes are not retroactive (except for repeal of penal provisions). He opines that the *Thorpe* decision is based on a misreading of the

Court's own precedent, and that it introduced confusion into an otherwise settled area of law. The confusion introduced by *Thorpe* was reinforced and expanded five years later in *Bradley.* As a result of his analysis, Justice Scalia concluded that the rule expressed in *Bowen* should be reaffirmed as "the clear rule of construction that has been applied, except for these last two decades of confusion, since the beginning of the Republic and indeed since the early days of common law: absent specific indication to the contrary, the operation of non-penal legislation is prospective only." *Kaiser Aluminum,* 494 U.S. at 841, 110 S.Ct. at 1579 (Scalia, J., concurring) (footnote omitted).

██ This Court finds the reasoning expressed in Justice Scalia's concurrence in *Kaiser Aluminum* to be highly persuasive. The confusion created by the co-existence of the *Thorpe–Bradley* and *Bowen* decisions should be ended by a reaffirmation of the *Bowen* rule that, absent clear congressional intent to the contrary, legislation should be appled on a prospective basis. The Second Circuit has itself endorsed and applied the *Bowen* rule in a different context. *See, Lehman v. Burnley,* 866 F.2d 33, 37 (2d Cir.1989) (refusing to apply an agency ruling retroactively). Accordingly, because congressional intent was not clearly expressed with respect to the retroactivity of the Civil Rights Act of 1991, the Court concludes that the Act must be applied prospectively.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend her complaint is hereby denied.

ALL OF THE ABOVE IS SO ORDERED.